[Cite as *State v. Davis*, 2018-Ohio-2118.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-17-1041

        Appellee                          Trial Court No. CR0201503092

v.

Anthony E. Davis                            **DECISION AND JUDGMENT**

        Appellant                          Decided:  June 1, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Neil S. McElroy, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a January 24, 2017 judgment of the Lucas County

Court of Common Pleas, sentencing appellant to an 11-year term of incarceration on

appellant's rape conviction, and an 8-year term of incarceration on appellant's conviction

of corruption of another with drugs conviction, ordered to be served consecutively.  For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Anthony E. Davis, sets forth the following sole assignment of error:

> I.  Mr. Davis did not receive the effective assistance of counsel as guaranteed by the Constitutions of the United States and the State of Ohio.

{¶ 3} The following undisputed facts are relevant to this appeal.  The instant case stems from an incident in which appellant, while on community control for prior convictions, took a woman he met on Facebook to a North Toledo motel, furnished her with various unlawful drugs, and after she was compromised by the drugs, raped her.  The DNA retrieved from the victim's rape kit was a match for appellant.

{¶ 4} On December 10, 2015, appellant was indicted on one count of rape, in violation of R.C. 2907.02, a felony of the first degree, and one count of corruption of another with drugs, in violation of R.C. 2925.02, a felony of the second degree.  The case proceeded to a bench trial on November 14, 2016.  On November 18, 2016, appellant was found guilty of the offenses.

{¶ 5} Appellant was sentenced to an 11-year term of incarceration on the rape conviction, and an 8-year term of incarceration on the corruption of another with drugs conviction, ordered to be served consecutively.  This appeal ensued.

{¶ 6} In the sole assignment of error, appellant asserts that he received ineffective assistance of trial counsel.  We do not concur.

2.

{¶ 7} To prevail on an ineffective assistance of counsel claim, an appellant must show both that counsel's representation was objectively deficient and, but for the demonstrated deficiencies, the outcome of the case would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 8} In support of this appeal, appellant maintains that trial counsel was ineffective for failing to dispute appellant's criminal record, "[A]s reported in the PSI report." The entire basis of appellant's position in this case is prefaced upon trial counsel's statement to the court in the course of the proceedings below that, "[Appellant] doesn't believe that there's been six [felony] convictions."

{¶ 9} Appellant implies that the information before the trial court regarding appellant's prior criminal history was inaccurate in a way so as to prejudicially impact appellant. The record of evidence runs counter to this assertion.

{¶ 10} The record of evidence encompasses no evidence of any kind in support of appellant's belief that the PSI prejudicially misrepresented appellant's criminal history. On the contrary, the record reflects that appellant's full criminal history actually includes *more prior felonies* than the number disputed by appellant. (Emphasis added).

{¶ 11} We find that the alleged failure of trial counsel to object to appellant's criminal history as reported to the trial court, which was not reported in an incorrectly prejudicial way, does not constitute an objective deficiency of trial counsel. Appellant cannot demonstrate that the outcome of the matter would have been different but for

3.

declining to pursue a meritless claim.  We find appellant's assignment of error not well-taken.

{¶ 12} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

4.